IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MWIMBWA,<br>    Plaintiff,<br><br>    v.<br><br>CSL PLASMA, INC., and<br>CSL BEHRING, LLC,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO.  19-4626 |

DuBois, J.                           October 15, 2020

**M E M O R A N D U M**

### I.  INTRODUCTION

This is an employment discrimination and whistleblower case.  The plaintiff, Theresa Mwimbwa, claims that her former employer, CSL Plasma, Inc. ("CSL Plasma") and its parent company, CSL Behring, LLC ("CSL Behring" and collectively with CSL Plasma, "defendants"), retaliated and discriminated against her based on her age, sex, disability, and her complaints about improper working conditions, culminating in her termination.

Presently before the Court is defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the motion is granted without prejudice to Mwimbwa's right to file an amended complaint within fourteen days if warranted by the facts and applicable law as stated in this Memorandum.

### II.  BACKGROUND

The facts as alleged in the Complaint, accepted as true for purposes of this motion, are as follows.  CSL Plasma operates a blood plasma donation center at 101 East Olney Avenue in Philadelphia, PA.  Compl. ¶ 14.  On May 28, 2018, defendants hired Mwimbwa to work at this center as a "Center Manager."  *Id.* ¶ 21.

While serving as a Center Manager Mwimbwa claims she noticed a number of improper practices: (1) blood plasma was being stored in freezers which were operating at higher-than-required temperatures; (2) for a period of several months, the freezer temperatures were left unmonitored; (3) there were issues involving overharvesting plasma from donors; (4) one employee had performed a phlebotomy despite not being authorized to do so; and (5) the same employee, who held a supervisory position, permitted infractions to occur on a regular basis.[1]  *Id.* ¶¶ 24–33.  Mwimbwa reported these issues to her supervisors, as well as defendants' Assistant Quality Manager, Kimberly Van Houten.  *Id.* ¶¶ 31, 37.  Van Houten was told by defendants' other employees to stop investigating these issues.  *Id.* ¶ 31.  Mwimbwa also reported these issues to the Food and Drug Administration ("FDA").  *Id.* ¶ 32.  She provides no dates for these claimed reports.  After reporting these issues, Mwimbwa claims that she was subjected to "false allegations about sexual harassment" and "false accusations regarding her work performance."  *Id.* ¶ 37.

Mwimbwa also claims that defendants discriminated against her based on age and sex because (1) her requests to be transferred were denied four times, but "younger, male employees were permitted to be transferred"; (2) she "was treated less favorably than similarly situated, younger, male employees"; and (3) after her termination, Mwimbwa was replaced by a younger male.  *Id.* ¶¶ 38–41, 50.

Further, Mwimbwa claims that defendants discriminated against her based on her disability.  Specifically, she said she informed defendants that she had anxiety and requested that they accommodate her by permitting her to work fifty hours per week—rather than her existing schedule of sixty to seventy hours per week—but they refused to do so.  *Id.* ¶¶ 42–45.

---

[1]  Mwimbwa alleges that she attempted to terminate this employee but was told that she was not permitted to do so.  Compl. ¶ 35.

Finally, the Complaint includes an allegation that, because of her age, sex, disability, and her reporting of allegedly improper practices, she was "berated, written up, threatened and terminated." *Id.* ¶ 47. Defendants terminated Mwimbwa on February 18, 2019. *Id.* ¶¶ 40, 45.

On December 9, 2019, defendants filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mwimbwa filed her response on December 23, 2019. The motion is thus ripe for decision.

### III.   LEGAL STANDARD

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Liou v. Le Reve Rittenhouse Spa, LLC*, No. 18-5279, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680.

### IV.   DISCUSSION

The Complaint contains five Counts: violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 (Count 1); violation of the Americans With Disabilities Act ("ADA") (Count 2); violation of the Pennsylvania Human

Relations Act ("PHRA") (Count 3); violation of the Pennsylvania Whistleblower Law ("PWL") (Count 4); and retaliation (Count 5).  The Court examines each Count in turn.

### A.  Mwimbwa Has Not Sufficiently Alleged an ADEA or Title VII Violation

Mwimbwa advances three theories of discrimination based on age and sex.  Specifically, she claims that defendants' actions led to (1) disparate treatment; (2) a hostile work environment; and (3) retaliation.  Defendants respond that Mwimbwa failed to set forth sufficient factual allegations to state a claim based on any of these theories.  The Court agrees with defendants.

#### i.  *Mwimbwa Has Not Sufficiently Alleged Disparate Treatment*

To state a claim for disparate treatment under Title VII and the ADEA, Mwimbwa must allege that: (1) she is a member of a protected class; (2) she is qualified; (3) she suffered an adverse employment action; and (4) the circumstances of the adverse employment action raise an inference of discrimination.  *McNeil v. Greyhound Lines, Inc.*, 69 F. Supp. 3d 513, 522 (E.D. Pa. 2014); *Solomon v. AmeriHealth Caritas*, No. 15-4050, 2016 WL 4493193, at *3 n.4 (E.D. Pa. Aug. 26, 2016).  The Court analyzes each of these elements.

*Factor One: Membership in a Protected Class*.  Mwimbwa sufficiently alleges the first element of a Title VII claim but fails to do so with respect to her ADEA claim.[2]  It is well settled that the ADEA only protects individuals over age 40.  *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 698 (3d Cir. 1995).  The Complaint does not allege Mwimbwa's age at the time she worked for defendants—she merely alleges that, *at the time she filed this action*, she was "over the age of forty (40)."  Compl. ¶ 12.  Given that Mwimbwa began working for defendants more than sixteen months before filing suit, the Court cannot determine whether some or all of the alleged discriminatory acts occurred while she was in her thirties (and thus unprotected by the ADEA).

---

[2]  Mwimbwa's allegation that she is female is sufficient to satisfy the first element for Title VII.  *Ellingsworth v. Hartford Fire Ins. Co.*, 247 F. Supp. 3d 546, 554 (E.D. Pa. 2017).

*Flagg v. New Jersey/Office of Child Support Servs.*, No. 17–cv–02602, 2018 WL 2269246, at *3 (D.N.J. May 17, 2018) ("[N]owhere in Plaintiff's Complaint does he identify his date of birth; as such, it is unclear whether he is even capable of asserting protection under the ADEA.").

*Factor Two: Qualifications.* Mwimbwa fails to satisfy the second element because she says nothing in the Complaint about her qualifications. *Breslow v. State St. Corp.*, No. 20-212, 2020 WL 3542295, at *3 (E.D. Pa. June 29, 2020) (dismissing complaint because plaintiff "recites no facts regarding her qualifications"). For example, the Complaint does not include any allegations related to her education or work experience.[3]

*Factor Three: Existence of an Adverse Employment Action.* The third element is satisfied because Mwimbwa, who was terminated by defendants, certainly suffered an adverse employment action.

*Factor Four: Inference of Discrimination.* Mwimbwa does not set forth sufficient factual allegations for the Court to infer she was the victim of discrimination on the basis of sex or age. The only allegations she makes are that (1) "other younger, male employees were permitted to be transferred"; (2) she was "berated, written up, threatened, and terminated"; (3) she was subjected to false accusations regarding sexual harassment and poor work performance; and (4) she was ultimately replaced by a male under the age of forty. Compl. ¶¶ 37, 39, 41, 47.

She alleges no specific instances of defendants' conduct from which the Court can infer that she was berated, written up, threatened, and terminated because of her sex or age. *See, e.g., Gordon v. PPL Corp.*, No. 10-03420, 2011 WL 1325993, at *5 (E.D. Pa. Apr. 7, 2011) (dismissing ADEA claim because plaintiff merely "allege[d] [that] he received a 'substandard

---

[3] The only time Mwimbwa mentions her training, she seems to disclose that she *was not* prepared for her job, given that she received "only ten days of training, where six weeks of training were required." Compl. ¶ 24.

review' but does not allege any facts from which it can be inferred that the review was because of his age.").

She also alleges no facts from which the Court can compare Mwimbwa to her younger, male co-workers. Without allegations regarding the ages, jobs, and qualifications of these co-workers, the Court cannot determine whether they are comparators, an essential in alleging a claim of disparate treatment based on sex or age. *Braddock v. SEPTA,* No. 13-06171, 2014 WL 6698306, at *4 (E.D. Pa. Nov. 25, 2014) (dismissing Title VII claim because, "[w]ithout similarly situated comparators, [the Court] cannot infer from plaintiff's pleadings that members of a non-protected class were treated more favorably than plaintiff").

> ii. *Mwimbwa Has Not Sufficiently Alleged a Hostile Work Environment*

To state a hostile work environment claim under Title VII and the ADEA, Mwimbwa must allege: (1) she suffered intentional discrimination because of her sex or age; (2) the discrimination was "severe or pervasive"; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in her position; and (5) the existence of *respondeat superior* liability. *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006); *Leblanc v. Hill Sch.*, No. 14-1674, 2015 WL 144135, at *21 (E.D. Pa. Jan. 12, 2015). To determine if the conduct was "severe or pervasive" courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *West v. Phila. Elec. Co.,* 45 F.3d 744, 753 (3d Cir. 1995).

Mwimbwa has not sufficiently alleged a hostile work environment. First, as discussed *supra*, Mwimbwa has not adequately alleged that she suffered discrimination because of her sex or age. *Magerr v. City of Phila.*, No. 15-4264, 2016 WL 1404156, at *10 (E.D. Pa. Apr. 11,

2016) (dismissing hostile work environment claim where plaintiff "allege[d] that [his supervisor] harassed and insulted [him]," but did not allege "any facts that, if true, would reveal that [his supervisor's] actions were motivated by a discriminatory attitude").

Second, the Complaint does not include any allegations from which the Court can infer that defendants' conduct was "severe or pervasive." *See, e.g.*, *Graves v. Ancora Psychiatric Hosp.,* No. 10-369, 2012 WL 1108505, at *4 (D.N.J. Apr. 2, 2012) (dismissing complaint where the plaintiff alleged she was "harassed humiliated and berated" by her supervisor "without enumerating or describing any specific alleged instances of discriminatory treatment."). In the absence of specific allegations, the Court cannot determine whether defendants' conduct was unlawfully extreme, or whether Mwimbwa was simply exposed to the "ordinary tribulations of the workplace, such as the sporadic use of abusive language." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

### iii. Mwimbwa Has Not Sufficiently Alleged Retaliation Based on Sex or Age

To state a claim for retaliation based on sex under Title VII, Mwimbwa must allege that she engaged in protected activity and was retaliated against as a result. *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006). Individuals engage in protected activity under Title VII when they report or complain about unlawful discrimination, e.g., discrimination based on sex. *Davis v. City of Newark*, 417 F. App'x 201, 203 (3d Cir. 2011). The ADEA has an analogous standard for retaliation. *Barber*, 68 F.3d at 701–02.

Mwimbwa only alleges that she complained about safety concerns, not concerns related to sex or age. Accordingly, she has failed to state a claim for retaliation based on sex or age.

### B. Mwimbwa Has Not Sufficiently Alleged an ADA Violation

To state a claim for discrimination under the ADA, Mwimbwa must allege that "(1) [she] is a disabled person within the meaning of the ADA; (2) [she] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [she] has suffered an otherwise adverse employment decision as a result of discrimination." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004).

A plaintiff can also state a claim under the ADA through a "failure to accommodate" if she alleges that (1) defendants knew she had a disability; (2) she requested accommodation for her disability; (3) defendants did not make a good faith effort to assist her in seeking accommodations; and (4) she could have been reasonably accommodated but for defendants' lack of good faith. *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 331 (3d Cir. 2003). Defendants argue Mwimbwa's ADA claim lacks sufficient factual allegations. The Court agrees with defendants that Mwimbwa's ADA allegations are insufficient.

### i. Mwimbwa Has Not Sufficiently Alleged She Is Disabled Under the ADA

First, Mwimbwa does not sufficiently allege a disability under the ADA. To allege a disability under the ADA, a plaintiff must not merely state that she has a diagnosed impairment, she must also state that her impairment "substantially limits one or more major life activities." *Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 142 (3d Cir. 2011). Critically, Mwimbwa states only that she suffers from anxiety but says nothing about how that condition has impacted her major life activities, such as "working, thinking, concentrating, and socializing." *Id.*; *Nase v. Bucks Cnty. Hous. Auth.*, No. 16-02417, 2016 WL 6876333, at *2–3 (E.D. Pa. Nov. 21, 2016) (dismissing complaint where plaintiff alleged he suffered from a "knee injury, anxiety, panic attacks, and depression" but failed to allege any "substantial limitation" on his ability to work);

*Hector v. Blue Cross of Northeastern Pa.*, No. 16-0293, 2016 WL 4990397, at *3 (M.D. Pa. Sept. 19, 2016) (dismissing complaint where plaintiff alleged she was "being treated for an anxiety disorder" but failed to allege "any facts regarding what major life activity is affected and how substantially it is affected by her disability."). Mwimbwa's conclusory statements that she had anxiety and "was a member of persons entitled to protection" are insufficient. Compl. ¶ 60.

### ii. Mwimbwa Has Not Sufficiently Alleged Discrimination Under the ADA

Second, assuming *arguendo* Mwimbwa had a disability protected by the ADA, she does not sufficiently allege that defendants discriminated against her because of her disability. She fails to allege that any of defendants' adverse actions were the result of any anti-disability discriminatory motive. Her conclusory allegations that, e.g., "[d]efendants discriminated against Plaintiff because of her medical conditions and/or disability" (*see id*. ¶ 65), are insufficient. *Iqbal*, 556 U.S. at 679 (conclusory allegations are "not entitled to the assumption of truth").

### iii. Mwimbwa Has Not Sufficiently Alleged a Failure to Accommodate Under the ADA

Third, with respect to failure to accommodate her disability, Mwimbwa states only that she requested to work fewer hours per week, and "[d]efendants provided no accommodation." Compl. ¶¶ 43–45. Those statements, coupled with the inadequacy of her allegations regarding her disability, are insufficient to state a claim for failure to accommodate. *Bielek v. Allegheny Ludlum, Corp.*, No. 04-1910, 2006 WL 2773487, at *11 (W.D. Pa. Sept. 22, 2006) ("An independent reason why [plaintiff's] ADA failure to accommodate claim fails as a matter of law is that she was not 'disabled' at the time of the alleged failure to accommodate.").

### C.  Mwimbwa Has Not Sufficiently Alleged a PHRA Violation

Mwimbwa claims that defendants violated the PHRA by discriminating against her on the basis of "her age, gender, and disability."  Compl. ¶ 76.  PHRA claims for discrimination due to age, sex, and disability are subject to the same standards as the ADEA, Title VII, and the ADA, respectively.  *Salley v. Circuit City Stores*, 160 F.3d 977, 979 n.1 (3d Cir. 1998); *Leblanc*, 2015 WL 144135, at *7.  Because the Court concludes that Mwimbwa fails to state a claim under the ADEA, Title VII, and the ADA, her PHRA claim also fails.[4]

### D.  Mwimbwa Has Not Sufficiently Alleged a PWL Violation

Mwimbwa claims that defendants violated the PWL, a statute which only covers employers that are either public bodies or entities that "receive[] money from a public body" to "perform work or provide services to a public body."  43 P.S. § 1422.

Defendants argue Mwimbwa fails to include any allegations from which the Court could conclude that they are covered by the PWL.  In response to this argument, Mwimbwa states that "[i]t is conceivable that[,] during discovery, information may be revealed that [d]efendants may fall under the umbrella of being a public entity."  Mwimbwa Resp. at 9.  The Court rejects Mwimbwa's explanation for the absence of the required allegations—the *Twombly* Court specifically held that mere "conceivable" claims cannot survive a motion to dismiss under Rule 12(b)(6).  *Twombly*, 550 U.S. at 570.  For this reason, Mwimbwa fails to state a claim under the PWL.

---

[4]  Moreover, there is also a question whether Mwimbwa has sufficiently alleged exhaustion of administrative remedies which is a prerequisite to filing suit under Title VII, the ADEA, the ADA, and the PHRA.  *Lomidze v. Chester Downs & Marina, LLC*, No. 14-1279, 2015 WL 1759205, at *2 (E.D. Pa. Apr. 16, 2015) ("[A]s a prerequisite to filing an employment discrimination suit under Title VII, the ADEA, the ADA, or the PHRA, a plaintiff must first exhaust his administrative remedies.").  Mwimbwa alleges that she "was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission," and claims that the Notice was attached to her Complaint as Exhibit A.  Compl. ¶ 3.  There was no Exhibit A to Mwimbwa's Complaint.

### E. Mwimbwa Has Not Sufficiently Alleged a Claim for "Retaliation"

Count 5 is entitled "Retaliation," but the Court cannot determine what this Count is all about from the sparse allegations in the Complaint. In short, there are no allegations of retaliation. To the extent Mwimbwa intended for Count 5 to allege retaliation under Title VII or the ADEA (Count 1), or the ADA (Count 2), the Court rejects this argument as discussed in §§ III.A. and III.B. of this Memorandum, *supra*. For all of these reasons, Mwimbwa fails to state a claim for "Retaliation" in Count 5.

### F. The Court Grants Mwimbwa's Request to Amend Her Complaint

In her response, Mwimbwa states that "should the Court find that [her] complaint is not plead with sufficient specificity, [she] would request leave of Court to file an Amended Complaint." Mwimbwa Resp. at 3. In the event a court determines that a complaint is deficient, as in this case, it will only dismiss the complaint without leave to amend "on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). None of those grounds are present in this matter. Therefore, the Court grants Mwimbwa's request for leave to amend her Complaint.

### V. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss the Complaint is granted without prejudice to Mwimbwa's right to file an amended complaint within fourteen days if warranted by the facts and applicable law as stated in this Memorandum. An appropriate order follows.