# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THERESA MWIMBWA,** <br>         **Plaintiff,** <br><br> v. <br><br> **CSL PLASMA, INC.,** <br>         **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 19-4626** |

DuBOIS, J.                                                                                                  June 21, 2021

## M E M O R A N D U M

### I.  INTRODUCTION

      This is an employment discrimination case.  Plaintiff, Theresa Mwimbwa, claims that her former employer, CSL Plasma, Inc. ("CSL Plasma"), and its parent company, CSL Behring, LLC ("CSL Behring" and collectively with CSL Plasma, "defendants"), retaliated and discriminated against her based on her age, culminating in her termination.

      Presently before the Court is defendants' Motion to Dismiss the Amended Complaint. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part.  The Motion is denied as to plaintiff's age discrimination claim against CSL Plasma and granted with respect to plaintiff's retaliation and hostile work environment claims against CSL Plasma based on age.

      After the Motion was filed, the parties filed a Stipulation of Dismissal with Prejudice as to all claims against CSL Behring.  The Motion is thus denied as moot with respect to plaintiff's claims against CSL Behring.

## II. BACKGROUND

### A. Factual Background

The facts as alleged in the Amended Complaint, accepted as true for purposes of this Motion, are summarized as follows:

#### 1. Plaintiff's Experience Before CSL Plasma

Plaintiff was born on October 3, 1968. Am. Compl. ¶ 11. At the time of her termination by CSL Plasma on February 18, 2019, she was fifty years old. Prior to working for CSL Plasma, plaintiff "worked extensively for Blood Plasma Centers and Blood Banks, working in the positions of Center Director, Plasma Center Manager, Blood Bank Supervisor, and Phlebotomist." *Id.* ¶ 21. Plaintiff had worked in the "blood bank/plasma industry" since 2002. *Id.*

#### 2. Plaintiff's Experience at CSL Plasma

CSL Plasma operates a blood plasma donation center at 101 East Olney Avenue in Philadelphia, Pennsylvania. *Id.* ¶ 13. On May 28, 2018, CSL Plasma hired plaintiff as a "Center Manager" to "oversee[] the operations" of the 101 East Olney Avenue facility. *Id.* ¶¶ 20, 22.

While serving as a Center Manager plaintiff claims she noticed a number of improper practices: (1) blood plasma was being stored in freezers which were operating at higher-than-required temperatures; (2) the freezer temperatures were not properly monitored; (3) there were issues involving overharvesting plasma from donors; and (4) one employee had performed a phlebotomy despite not being authorized to do so. *Id.* ¶¶ 26–28. Plaintiff reported these issues to defendants' Assistant Quality Manager, Kimberly Van Houten, "who told Plaintiff to stop investigating the issues." *Id.* ¶ 29.

While working at CSL Plasma's 101 East Olney Avenue facility, plaintiff asserts that she was "forced to endure" a "hostile work environment." *Id.* ¶ 35. According to plaintiff,

defendants' employees "subjected [her] to false allegations" about "sexual harassment" and "her work performance." *Id.* ¶ 37. Plaintiff does not claim she was subjected to "false allegations" based on her age. *Id*.

As a result of the alleged hostile work environment, plaintiff "repeatedly requested transfers to another of Defendants' facilities." *Id.* ¶ 35. She asked to be transferred to open positions, "but each time her requests were denied." *Id.* ¶¶ 33, 37. "The open positions were instead filled by [employees] under the age of forty (40)." *Id.* ¶ 37.

As stated *supra*, CSL Plasma terminated plaintiff on February 18, 2019, when she was fifty years old. *Id.* ¶¶ 11, 40. "Following her termination, plaintiff was replaced by a younger [employee], who was under the age of forty (40)." *Id*. ¶ 41.

### B. Procedural History

On October 4, 2019, plaintiff filed the initial Complaint, alleging that defendants violated the Age Discrimination in Employment Act ("ADEA"), Americans With Disabilities Act ("ADA"), Pennsylvania Human Relations Act ("PHRA"), Pennsylvania Whistleblower Law ("PWL"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). On December 9, 2019, defendants filed a Motion to Dismiss the Complaint. By Memorandum and Order dated October 15, 2020, the Court granted defendants' Motion to Dismiss without prejudice to plaintiff's right to file an amended complaint.

On October 29, 2020, plaintiff filed an Amended Complaint, alleging that defendants retaliated and discriminated against her based on her age, culminating in her termination, in violation of the ADEA and PHRA. Unlike the original Complaint, the Amended Complaint does

not seek relief based on the ADA, PWL, or Title VII.[1] On December 3, 2020, defendants filed a Motion to Dismiss the Amended Complaint. Plaintiff filed her response on December 9, 2020. The Motion is thus ripe for decision.

### III. LEGAL STANDARD

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Liou v. Le Reve Rittenhouse Spa, LLC*, No. 18-5279, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (DuBois, J.). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680.

### IV. DISCUSSION[2]

At the outset, the Court notes that on December 3, 2020, by Stipulation of Dismissal, the parties dismissed with prejudice all claims against CSL Behring. Document No. 20.

---

[1] The Amended Complaint includes one heading which refers to Title VII. Defendants argue, and plaintiff does not dispute, that "[t]his stray reference to Title VII in title alone . . . is insufficient to raise a claim under Title VII." Mot. at 6 n.3.

[2] The legal standards applicable to the ADEA and PHRA are the same and will therefore be addressed collectively. *See Kautz v. Met-Pro Corp.*, 412 F.3d 463, 465 n.1 (3d Cir. 2005).

4

Accordingly, defendants' Motion to Dismiss is denied as moot to the extent it seeks dismissal of plaintiff's claims against CSL Behring.

In the Motion to Dismiss, defendants argue plaintiff has failed to adequately allege (1) discrimination, (2) a hostile work environment, or (3) retaliation based on her age. The Court examines each argument in turn.

### A. Age Discrimination Claim

The Court first examines defendants' argument that plaintiff has failed to adequately allege discrimination based on her age.

Claims of age discrimination under the ADEA are analyzed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995). Under this framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff succeeds, the burden shifts to the employer, who must articulate "some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* Then, the burden shifts back to the plaintiff to prove that the employer's proffered reasons are a pretext for discrimination. *Id.* at 804. "[I]f a plaintiff can allege the prima facie case required by the first step of *McDonnell Douglas*, the plaintiff will survive a motion to dismiss and no further inquiry under *McDonnell Douglas* is required at this stage." *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017).

To state a prima facie case of age discrimination under the ADEA, a plaintiff must allege:

(1) membership in the protected class of those over forty years old;

(2) that she suffered an adverse employment decision;

(3) that she was qualified for the position in question; and

5

> (4) that she was ultimately replaced by another employee who was sufficiently younger so as to support a reasonable inference of age discrimination.

*Dodson v. Coatesville Hosp. Corp.*, No. 16-5857, 2017 WL 2798560, at *2 (E.D. Pa. June 28, 2017) (citing *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015)).

It is undisputed that plaintiff was a member of the protected class—she was fifty years of age at the time of her termination—and her termination constituted an adverse employment decision. Accordingly, the Court considers whether plaintiff has adequately pled the remaining elements of a prima facie case—whether she was "qualified" for her position and whether "she was ultimately replaced by another employee who was sufficiently younger so as to support a reasonable inference of age discrimination." *Id*.

The Amended Complaint alleges that, prior to being hired by CSL Plasma, plaintiff "worked extensively for Blood Plasma Centers and Blood Banks, working in the positions of Center Director, Plasma Center Manager, Blood Bank Supervisor, and Phlebotomist." Am. Compl. ¶ 21. Plaintiff further states that she worked in the "blood bank/plasma industry" since 2002. *Id*. These are sufficient allegations that plaintiff was qualified for her position as Center Manager at CSL Plasma.

In determining whether an employee is "sufficiently younger [than the plaintiff] to support a reasonable inference of age discrimination," there is no "particular age difference that must be shown." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995). On more than one occasion, the United States Court of Appeals for the Third Circuit has concluded that an eight-year age difference may be sufficient. *Showalter v. University of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir. 1999) (age difference was sufficient where defendant terminated a sixty-one-year-old plaintiff who "was eight years older" than an employee it retained); *Barber v. CSX*

*Distrib. Servs.*, 68 F.3d 694, 699 (3d Cir. 1995) (age difference was sufficient where defendant hired an individual who was eight years younger than the fifty-two-year-old plaintiff).

Plaintiff alleges that, after she was terminated by CSL Plasma at age fifty, she was replaced by an employee who was more than ten years younger. Am. Compl. ¶ 41. Furthermore, the Amended Complaint states that plaintiff repeatedly requested to be transferred to open positions; "each time her requests were denied"; and "[t]he open positions were instead filled by [employees] under the age of forty (40)." *Id*. ¶¶ 33, 35, 37. These allegations are sufficient "to support a reasonable inference of age discrimination." *Dodson*, 2017 WL 2798560, at *2.

For the foregoing reasons, defendants' Motion to Dismiss is denied to the extent it seeks dismissal of plaintiff's age discrimination claim under the ADEA and PHRA against CSL Plasma.

### B. Hostile Work Environment Claim

The Court next examines defendants' argument that plaintiff has failed to adequately allege a hostile work environment based on age.

To state a hostile work environment claim under the ADEA, the plaintiff must allege: (1) she suffered intentional discrimination because of her age; (2) the discrimination was "severe or pervasive"; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in her position; and (5) the existence of *respondeat superior* liability. *Briggs v. Temple Univ.*, 339 F. Supp. 3d 466, 486, 502 & n.3 (E.D. Pa. 2018). "The 'severe or pervasive' standard requires conduct that is sufficient to alter the conditions of the [plaintiff's] employment and create an abusive working environment." *Id*. at 505.

Defendants argue that plaintiff's hostile work environment claim fails because she has not alleged "severe or pervasive" discrimination. Mot. at 9. The Court addressed this issue in its October 15, 2020 decision. In that decision, the Court concluded that it could not "determine whether defendants' conduct was unlawfully extreme, or whether [plaintiff] was simply exposed to the 'ordinary tribulations of the workplace, such as the sporadic use of abusive language,'" Document No. 11 at 7 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)), and granted plaintiff leave to amend.

Plaintiff has failed to heed the Court's admonition regarding the inadequacy of her allegations of a hostile work environment based on age. The Amended Complaint does not include any allegations that defendants engaged in "severe or pervasive" discrimination based on plaintiff's age. Plaintiff's allegation that she was repeatedly denied job transfers is insufficient to support a claim of hostile work environment based on age. *See Mahan v. City of Phila.*, 296 F. Supp. 3d 712, 721 (E.D. Pa. 2017) (dismissing Title VII hostile work environment claim because "[t]he allegation that Plaintiff was denied job transfers does not suggest . . . 'severe or pervasive' discriminatory conduct"). Accordingly, defendants' Motion to Dismiss is granted to the extent it seeks dismissal of plaintiff's hostile work environment claim under the ADEA and PHRA.

### C. Retaliation Claim

Lastly, the Court examines defendants' argument that plaintiff has not adequately alleged retaliation based on age.

To state a claim for retaliation under the ADEA, a plaintiff must allege: (1) she engaged in protected activity; (2) she was "subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity"; and (3) "there is a causal connection between the protected activity and the adverse action." *Fasold v. Justice*, 409 F.3d 178, 188 (3d Cir.

2005). "PHRA retaliation claims are analyzed under the same standard." *Selvanathan v. Opportunities Indus. Ctrs. Int'l,* 871 F. Supp. 2d 349, 366 n.12 (E.D. Pa. 2012) (DuBois, J.).

"[A] person has engaged in protected conduct when s/he opposes discrimination on the basis of age." *Barber*, 68 F.3d at 702. Protected activity does not include complaints that fail to reference age discrimination. *Id.* Furthermore, the fact that the plaintiff is a protected individual under the ADEA—an individual over age forty—does not, standing alone, constitute protected activity. *See Johnson v. McGraw-Hill Cos.*, 451 F. Supp. 2d 681, 710 (W.D. Pa. 2006) (The "substantive provisions" of the ADEA "seek to prevent injury to individuals based on who they are, while the anti-retaliation provisions seek to prevent harm to individuals based on what they do.").

Defendants argue that plaintiff has not adequately alleged protected activity related to age discrimination. The Court addressed this issue in its October 15, 2020 decision. In that decision, the Court concluded that plaintiff failed to adequately allege protected activity related to age discrimination in the original Complaint—that Complaint only included allegations that plaintiff "complained about safety concerns, not concerns related to . . . age." Document No. 11 at 7.

Notwithstanding the Court's discussion of this claim in its October 15, 2020 decision, plaintiff has again failed to adequately allege retaliation based on age. The Amended Complaint does not include any allegations of protected activity related to age discrimination. The only allegations concerning protected activity—complaints about unsafe practices at CSL Plasma's 101 East Olney Avenue facility—do not reference age discrimination. Therefore, defendants' Motion to Dismiss is granted to the extent it seeks dismissal of plaintiff's claim of retaliation based on age.

### D. Request to File Second Amended Complaint

In her response, plaintiff states that "should the Court find that [her] complaint is not plead with sufficient specificity, [she] would request leave of Court to file a Second Amended Complaint." Pl.'s Resp. at 3.

In response to defendants' motion to dismiss the original Complaint, plaintiff made a near-identical request for "leave of Court to file an Amended Complaint." Document No. 10 at 3. In its October 15, 2020 Memorandum, the Court (1) concluded that plaintiff failed to adequately allege claims of hostile work environment or retaliation based on age in the original Complaint and (2) granted plaintiff leave "to file an amended complaint within fourteen days if warranted by the facts and applicable law as stated in this Memorandum." Document No. 11 at 11. Notwithstanding this admonition, plaintiff has failed to adequately allege claims of hostile work environment or retaliation based on age in the Amended Complaint.

Although Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires," the Court may deny leave for good reason, including "futility of amendment" or "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court concludes that further amendment of plaintiff's claims of hostile work environment and retaliation would be futile and unduly prejudicial to CSL Plasma. Further amendment would be futile because plaintiff was previously granted leave to amend, and—despite the Court's statements regarding the inadequacies in the original Complaint—she again failed to adequately plead these claims. *Reed v. Chambersburg Area Sch. Dist. Found.*, No. 13–644, 2014 WL 1028405, at *15 (M.D. Pa. Mar. 17, 2014) ("When a plaintiff has already once been granted leave to amend, and has been given ample time to assemble the first amended

complaint, but has again failed to sufficiently state a claim, a district court need not grant Plaintiff subsequent leave to amend."). Moreover, CSL Plasma has filed two motions to dismiss (Document Nos. 9, 18) in response to these claims—it would be unduly prejudicial to require CSL Plasma to respond to these claims a third time. Accordingly, plaintiff's request to file a second amended complaint is denied.

V. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss the Amended Complaint is granted in part and denied in part. The Motion is denied as to plaintiff's age discrimination claim against CSL Plasma and granted with respect to plaintiff's retaliation and hostile work environment claims against CSL Plasma based on age. In light of the parties' Stipulation of Dismissal, dismissing with prejudice all claims against CSL Behring, the Motion is denied as moot with respect to plaintiff's claims against CSL Behring. Plaintiff's request to file a second amended complaint is denied. An appropriate order follows.